UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FERRARI CLUB OF AMERICA, INC.,

        Plaintiff,

v.

LEON BOURDAGE,

        Defendant.

**ORDER**

6:12-CV-06530 EAW

---

Having considered Defendant's Motion to File Under Seal: (1) the Affirmation of Timothy P. Lyster in Support of Defendant's Motion *in limine* for Sanctions; (2) Exhibit F to the Affirmation; (3) portions of Exhibit H to the Affirmation; (4) Exhibit L to the Affirmation; and upon no objection by Plaintiff, the Court hereby grants the motion in its entirety.

Pursuant to Local Rule of Civil Procedure 5.3, a party may request that a document be filed under seal upon a "substantial showing" that the party's interest in non-disclosure trumps the public's right to access judicial documents. *See Routh v. Univ. of Rochester*, 981 F. Supp. 2d 184, 216 (W.D.N.Y. 2013) (on a motion to seal, a court must balance the public's interest in open access with the countervailing private interests of the party seeking to limit disclosure). "[T]here can be (and often are) considerations of personal privacy, public safety, or a business's proprietary information, such as trade secrets or confidential research, that can trump the right of the public to access court records." *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009); *see also Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, No. 3:11-CV-1209 (CSH), 2013 WL 4012772, at *5 (D.

Conn. Aug. 5, 2013) (granting motion to seal with respect to documents that "reveal sensitive business information . . . such as confidential proprietary information, documents and client data").

Defendant may file under seal the Affirmation of Timothy P. Lyster in Support of Defendant's Motion *in limine* for Sanctions, which has been redacted at ¶¶ 25, 34-37, 50, 86, and Exhibit H to the Affirmation, which has been partially redacted. Defendant may also file Exhibits F and L to the Affirmation under seal in their entirety. The documents at issue contain or summarize information "used by [Plaintiff] in, or pertaining to [Plaintiff's] businesses or personal information, which [Plaintiff] would normally not reveal to third parties or would cause third parties to maintain confidence" as contemplated by the Stipulation and Protective Order Precluding Disclosure of Confidential Information. (Dkt. 29 at ¶ 1). Under these circumstances, sealing of these particular documents is appropriate. *See Travelers*, 2013 WL 4012772, at *5 (granting motion to seal portions of documents revealing sensitive business information). Accordingly, it is hereby ORDERED that Defendant's motion to seal is granted.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: March 24, 2017
      Rochester, New York